```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                     1:08CV47-02-MU
```

| | |
|---|---|
| GAY EUGENE BLANKENSHIP,        )<br>    Plaintiff,        )<br>            )<br>    v.        )<br>            )<br>JACK W. STEWART, Private At-        )<br>  torney;        )<br>MARJORIE S. CANADAY, Private        )<br>  Attorney; and        )<br>SHELBY C. PHELPS, Deputy CSC,        )<br>    Defendants.        )<br>_____) | ORDER |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint brought under 42 U.S.C. §1983, filed February 11, 2008. For the reasons stated herein, Plaintiff's Complaint will be <u>dismissed</u>.

Plaintiff's Complaint consists of over 100 pages of information, the vast majority of which does not directly relate to the above-named Defendants. Nevertheless, as best as the Court can decipher, it appears that Plaintiff has brought this action against Defendants Stewart and Canaday in connection with their past representation of him in one or more criminal prosecutions. In particular, Plaintiff claims that these defendants failed adequately to investigate his criminal record and to otherwise represent him at trial and on appeal of certain criminal charges

which he faced in or around 1998. Further, Plaintiff alleges that Defendant Phelps, an employee at the Buncombe County Courthouse, placed "an invalid signature of a Judge and invalid signature of the plaintiff" on a waiver of counsel form dated November 4, 1998. According to Plaintiff, that form was used "in support of William Boyums Assistant District Attorneys secert [sic] indictment of a bill of information use [sic] to indict the plaintiff."

By way of relief, Plaintiff asks this Court to bar Defendants Stewart and Canaday from practicing law in the State of North Carolina, and to award him $3,000,000 in damages from each attorney. Plaintiff also asks that Defendant Phelps "be cited for obstruction of justice . . . ," and that she be ordered to pay him $600,000 in damages. Notwithstanding his obvious belief to the contrary, however, Plaintiff's Complaint must be <u>dismissed</u> for its failure to state a federal claim for relief.

Indeed, it is well settled that neither privately retained counsel, court-appointed counsel, nor public defenders are subject to liability under 42 U.S.C. §1983 absent a showing that they somehow acted under "color of law" at the time of their alleged deprivations. <u>Hall v. Quillen</u>, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); <u>and</u> <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against

retained counsel).

Here, Plaintiff merely states that Defendants Stewart and Canaday were "acting under color of law with deliberate indifference . . . ," but he fails to set forth any facts to support that assertion. Therefore, Plaintiff's allegations about his former attorneys do not rise to the level of stating a federal constitutional violation.

Moreover, it has not escaped the Court's attention that Plaintiff's claims against his former attorneys sound in habeas. However, inasmuch as such claims generally are not properly raised in a § 1983 action, on this record Plaintiff would not be entitled to proceed with his allegations in any event. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (actions to recover damages on claims which necessarily would render invalid an un-0derlying conviction or sentence may not be brought without showing that such conviction was reversed on appeal, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ under § 2254).

Furthermore, it goes without saying that Plaintiff's bare-bones, bizarre allegation that Defendant Phelps forged signatures on a court document fails to state a constitutional claim for relief. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (noting plain-tiff "must present more than naked allegations" to survive dismissal); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that to survive review for factual

frivolousness, a plaintiff proceeding <u>in forma pauperis</u> cannot rely merely on "conclusory allegations.").

Accordingly, it is clear that Plaintiff's Complaint must be dismissed because it falls far short of setting forth any allegations upon which relief can be granted.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: March 3, 2008

*[signature]*

Graham C. Mullen
United States District Judge